PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL URBINA ET AL., Defendants and Appellants.

No. 6173. Argued January 21, 1937.—Decided February 10, 1937.

844

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for appellants. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The District Attorney for the District Court of Bayamón accused Nicolás Serrano, Rafael Urbina and José Murga of having murdered Tulio A. Díaz as follows:

"On or about July 15, 1935, on José R. Carazo street in Guaynabo, P. R., which is a part of the Judicial District of Bayamón, P. R., the said defendants Nicolás Serrano, (*a*) 'El Oso', Rafael Urbina and José Murga Suárez, (*a*) 'Puyú', unlawfully and wilfully, with malice aforethought and with the deliberate intention of killing, and revealing a perverse and malignant heart, waited in ambush, the first two armed with clubs and the last with a revolver, and then and there the three acting together and helping one another, assaulted and killed the human being Tulio A. Díaz Silva, inflicting on him serious wounds with clubs and bullets which caused his death some minutes later."

The defendants pleaded not guilty. The jury which tried them found Serrano not guilty and Urbina and Murga guilty of murder in the second degree. The last two moved for a new trial. The court denied the motion and rendered judgment sentencing Urbina to twelve years in the penitentiary and Murga to fifteen. Feeling aggrieved, they appealed, assigning six errors in their brief. As the first error they maintain that the evidence is insufficient to sustain the verdict of the jury. As the second, third, fourth and the fifth, they contend that the court erred in its instructions to the jury and as the sixth that it also erred in denying the motion for a new trial.

We have examined the evidence and in our opinion it is sufficient. The evidence of the prosecution, which the jury believed, shows that two of the defendants, Serrano and Urbina, were seen carrying clubs between seven-thirty and eight o'clock in the morning of the day of the crime in the

public square of Guaynabo by a witness who heard them talking of beating the deceased, when the other defendant Murga arrived and sat down with them. Some time later in the day another witness also saw defendants Serrano and Urbina armed with clubs in a suspicious attitude walking and talking in front of the PRERA office in Guaynabo.

There are several eyewitnesses of the assault. Their testimony coincides and shows that Díaz was walking on one of the streets of Guaynabo with Lucas Rondón in the direction of the PRERA offices, and that both were attacked with clubs by Serrano and Urbina, Urbina striking Díaz with a club, Murga then appearing and firing four revolver shots at him and wounding him.

Díaz was taken to a clinic and died shortly afterward. He received two wounds, one of which could have been inflicted by a heavy weapon and another by a bullet.

■ The first error assigned does not exist. Nor does the second, said to have been committed by the court in giving the jury the following instruction:

"... and all the others are murder in the second degree, that is, those in which the unlawful death of a human being is brought about with malice but without deliberation or premeditation."

In order to judge the correctness of instructions, they should be studied in their entirety. The court began its instruction on the point in controversy as follows:

"Murder is the unlawful killing of a human being with premeditated malice. Such premeditated malice may be of two kinds: express or implied. It is expressed when the deliberate intention of illegally killing a fellow man is shown. It is implied when there is no notable provocation or the circumstances surrounding the death show a malignant and perverted heart."

And it ended as follows:

"The law divides the crime of murder into two degrees: first and second. Any murder perpetrated by means of poison, ambush or torture and any death caused wilfully, deliberately and with premeditation, or caused during the commission or attempted commis-

sion .of arson, rape, robbery, burglary or mayhem, constitutes murder in the first degree. And all the. others are murder in the second degree, that is, those in which the unlawful death of a human being is brought about with malice but without deliberation or premeditation.''

The court had already defined the malice last referred to as premeditated. There was no error. If any doubt existed it was recently decided against the appellants by this court in the case of *People* v. *Belardo,* 50 P.R.R. 491.

■ The third and fourth assignments refer to instructions to which there was no specific objection. Nevertheless we have studied everything said about them by the appellants in their brief and we are not convinced that, even if it should be concluded that they are not perfectly correct, they could be considered prejudicial, especially since the jury returned a verdict of murder in the second degree.

■ The fifth error is as follows:

''The Court committed manifest error in its instructions in omitting in the summary it made of the evidence the important fact that Urbina carried a revolver in his belt at the time of the events which culminated in the death of Tulio A. Díaz. The attorney for the defense took a specific exception to this error.''

The instructions of the court contain a reasonably complete summary of the evidence. The court was not bound to enter into details, to reproduce entirely the testimony of the witnesses. It could trust the memory of the jurors who heard it. There was no error.

The sixth and last assignment is decided by what has been said previously, since the questions which we have discussed are the same ones used as the basis for the motion for a new trial which was denied by the district court.

A study of the entire record convinces us that substantial justice was done in this case.

The the reasons stated the order denying the motion for a new trial and the judgment are affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.